# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GARY GREEN,
            **Plaintiff,**

*vs*.                                                          **CIVIL ACTION NO. 1:10cv142**

PRESTO DYECHEM COMPANY, INC.,
            **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

Plaintiff, *pro se*, filed a Complaint against Defendant in the Circuit Court of Gilmer County, West Virginia in May 2010. His original Complaint contained a prayer for damages in the amount of $17,563,928.14, plus court costs, attorney fees, legal aid fees, counseling, and medical fees. He sent a copy of the Complaint and a check to the Sheriff of Gilmer County, West Virginia, for service upon Defendant. The Sheriff apparently could not serve Defendant, as Defendant was "not found in bailiwick" On May 28, 2010, Plaintiff filed what the State Court docket sheet refers to only as "Motion to Amend Complaint." On June 23, 2010, Plaintiff filed in State court a "Motion to Appoint Guardian Ad Litem." On August 10, 2010, the Motion to Appoint Guardian Ad Litem was denied. On August 10, 2010, service of the original Complaint was made by Certified Mail, and Defendant signed for receipt of service on August 16, 2010.

On September 10, 2010, Defendant filed its Notice of Removal to this Court [Docket Entry 3]. Removal was based on diversity jurisdiction under 28 U.S.C. section 1332, asserting this is a civil action between parties of different states and the amount in controversy exceeds the sum of $75,000.00. On September 23, 2010, Plaintiff, still proceeding *pro se*, filed his Objection to the removal of this matter [Docket Entry 8]. As grounds for his objection, Plaintiff represents to the Court that on May 17, 2010, he "filed an amendment [sic] complaint for $74,000,00.00 in damages" in State Court, three months before Defendant was served with the Complaint. Defendant

acknowledges that the "pleadings filed by the Plaintiff in the Circuit Court of Gilmer County West Virginia include a Motion to Amend Complaint in which the Plaintiff proposes to amend the amount he is seeking in damages to $74,000.00." Defendant notes, however, that no Amended Complaint is attached to the Motion to Amend Complaint, Defendant has not been served with either the Motion to Amend Complaint or any Amended Complaint, and there is no indication that the Circuit Court of Gilmer County has taken any action in response to or rendered a ruling on the Plaintiff's Motion to Amend Complaint.

Defendant correctly asserts that, generally, the right of removal is controlled by the state of the pleadings at the time the removal petition is filed, and that any subsequent reduction of the amount claimed by a Plaintiff will not divest the federal court of jurisdiction. The issue in this matter, however, is that Plaintiff amended, or at least attempted to amend his complaint to reduce the amount claimed prior to the case being removed and, in fact, prior to Defendant even being served. Plaintiff correctly asserts that under Rule 15 of the West Virginia Rules of Civil Procedure, a party may amend his pleading once as a matter of course, without leave of court, at any time before a responsive pleading is served.

The Court ordered Defendant to file with the Court a certified copy of all records and proceedings in the State Court. Defendant provided said copy on November 8, 2010. The file for the Circuit Court of Gilmer County shows Plaintiff did file his complaint against Defendant in that Court on May 17, 2010. He did seek $17,563,928.14.00 in damages. Plaintiff attempted service on May 17, 2010; however a note on the back of the summons states "Not in Bailiwick," therefore Defendant was never served.

On May 25, 2010, Plaintiff filed a "Motion to Amend Complaint," which, although it states he moves to amend his civil action, the last sentence states: "Plaintiff <u>amends</u> said amount to

$74,000.00 (SEVENTY FOUR THOUSAND DOLLARS ZERO CENT)."  (Emphasis added)

Plaintiff then filed a Motion to Appoint Guardian Ad Litem on June 23, 2010.

On August 10, 2010, The Circuit Court of Gilmer County denied Plaintiff's request for a Guardian ad Litem.  Significantly, the Court noted that Defendant had not yet been served with the Complaint.  No court action was taken on the Motion to Amend Complaint, however, which had been filed three months earlier.

Defendant was served with the summons and Complaint on August 13, 2010.  The Complaint does not appear to have been amended, and the amendment does not appear to be attached to the Complaint.  Defendant removed the matter to this Court on September 9, 2010.  Defendant was aware of Plaintiff's amendment or attempted amendment, as Defendant notes at paragraph 8 of its Notice of Removal:

> The Defendant notes that the pleadings filed by the Plaintiff in the Circuit Court of Gilmer County West Virginia include a Motion to Amend Complain in which the Plaintiff proposes to amend the amount he is seeking in damages to $74,000.00 However, no Amended Complaint has been attached to the Motion to Amend complaint, the Defendant has not been served with either the Motion to Amend complaint or any amended complaint, and there is no indication that the Circuit Court of Gilmer County West Virginia has taken any action in response to or rendered a ruling on the Plaintiff's Motion to Amend Complaint.

Defendant then correctly asserts:

> Generally, the right of removal is controlled by the state of the pleadings at the time the removal petition is filed. . . . Any subsequent reduction of the amount claimed by a plaintiff will not divest the federal court of jurisdiction.

As the Court already asserted in its prior Order, however, Plaintiff did not attempt to reduce the amount of damages claimed <u>after</u> the removal of the case.  Instead, he attempted to amend his complaint long before the complaint was even served on Defendant.

West Virginia Rule of Civil Procedure 15(a) provides, in pertinent part:

A party may amend the party's pleading once as a matter of course at any time before

a responsive pleading is served . . . .

Further, Rule 15 should be liberally construed. Murredu. v. Murredu, 236 S.E.2d 452 (W. Va. 1977). "Although a trial court has some discretion to deny leave to amend a complaint, leave to amend must be freely given . . . ." Farmer v. L.D.I., Inc., 286 S.E.2d 924 (W. Va. 1982).

The undersigned finds Plaintiff had the right to amend his complaint as of May 25, 2010, and did at least attempt to amend it. Because there had been no responsive pleading at the time (in fact, Defendant had not even been served), Plaintiff did not need to ask leave of court to amend his complaint. The fact that the Gilmer County Court acted on his Motion for Guardian ad Litem, but not his simple Motion to Amend Complaint is evidence that the Court considered the complaint amended by the last sentence of the Motion: "Plaintiff amends said amount to $74,000.00."

Further, although Defendant represents it was never served with any amended complaint, it was aware Plaintiff had made the attempt, at least, to amend. There was therefore no prejudice to Defendant in Plaintiff's amending his complaint to reflect lesser damages.

The undersigned therefore finds the state of the pleadings at the time the Notice of Removal was filed was that Plaintiff had amended his complaint to reflect an amount of damages below the jurisdictional amount.

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. section 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $74,000.00, exclusive of interests and costs. 28 U.S.C. section 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.

In his motion to remand, Plaintiff does not deny that diversity exists. Rather, he asserts the action must be remanded to state court because the defendant has failed to prove that the amount in controversy is in excess of $75,000.00, exclusive of interests and costs. The undersigned agrees.

The burden of establishing that the amount in controversy exceeds $75,000.00 exclusive of interests and costs, rests with the party seeking removal. Mulcahey, supra at 151. This Court applies the "preponderance of the evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. This burden of proof requires the defendant to produce evidence that established that the actual amount in controversy exceeds $75,000.00.

After careful consideration of the memoranda and the Circuit Court record, the undersigned finds that Defendant has failed to show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. Accordingly, the Plaintiff's motion to remand should be granted.

**RECOMMENDATION**

For all the above reasons, the undersigned United States Magistrate Judge respectfully recommends Plaintiff's Motion to Remand ("Objection to Jurisdiction") [Docket Entry 8] be **GRANTED** and this matter be remanded to the Circuit Court of Gilmer County, West Virginia. Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to Gary Green, Plaintiff *pro se* by Certified United States Mail, and to counsel of record.

DATED: December 22, 2010

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE