```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**GARY GREEN,**

       **Plaintiff,**

**v.**                **//   CIVIL ACTION NO. 1:10CV142**
                                      **(Judge Keeley)**

**PRESTO DYECHEM COMPANY, INC.,**

       **Defendant.**

### ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 27) AND GRANTING MOTION TO REMAND (DKT. 8)

The plaintiff, Gary Green ("Green") filed this pro se action in the Circuit Court of Gilmer County, West Virginia. The defendant, Presto Dyechem Company, Inc. ("Presto"), removed the case on diversity grounds. Green moved to remand, however, stating that the amount in controversy did not exceed $75,000. The Honorable John S. Kaull, United States Magistrate Judge, agreed, issuing a Report and Recommendation ("R&R") in which he concludes that, at the time of removal, Green's suit did not meet the amount in controversy threshold for federal diversity jurisdiction.

Presto filed timely objections to the R&R. After a de novo review of the legal and factual issues raised by the Magistrate Judge and the parties, the Court concludes that it is without jurisdiction to hear this case because Green amended his complaint before removal and reduced his demand for damages to $74,000. Accordingly, the Court **ADOPTS** the R&R and **GRANTS** Green's motion to remand.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

## I. FACTUAL BACKGROUND

Green alleges that, while he was incarcerated at the Federal Correctional Institution in Glenville, West Virginia, he used a wash cloth that had been dyed orange with the defendant's coloring agent. He states that the dye leached from the cloth, burning his eye. In this suit, he seeks damages for pain and suffering, emotional distress, and continued blurred vision.

In his original complaint, filed on May 17, 2010, Green sought $17,563,982.14, alleging negligence and product liability under West Virginia law. Green sought to have the Sheriff of Gilmer County serve Presto, but was unsuccessful.

Then, on May 28, Green filed a "Motion to Amend Complaint," which stated in full: "COMES NOW Plaintiff by special appearance moves to amend his civil action filed in this Court 5/17/2010. Plaintiff was originally seeking $17,563,928.04 in damages. Plaintiff amends said amount to $74,000.00 (SEVENTY FOUR THOUSAND DOLLARS ZERO CENT)."

On August 10, Green served Presto with a copy of the <u>original</u> complaint by certified mail, whose representative accepted service on August 16. On September 10, Presto filed its notice of removal in this Court.

**II. ANALYSIS**

The Magistrate Judge concluded that, under West Virginia Rule of Civil Procedure 15, Green properly amended his complaint before service and without leave of court, and thus the amount in controversy requirement of 28 U.S.C. 1332 was not present at the time of Presto's removal. Presto, in its objections to the R&R, concedes that, if Green did in fact perfect such an amendment and stipulates that he does not seek any damages exceeding $74,000, remand is proper. It contends, however, that because Green styled his filing as a motion to amend and did not attach or serve an actual amended complaint, the Circuit Court's failure to grant the motion resulted in the original complaint still surviving through the time of removal.

The Court concludes that the Magistrate Judge correctly interpreted Rule 15, which provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleadings is served." W.Va.R.Civ.P. 15(a). Green did not require any leave of court to amend his complaint. Although he captioned his filing as a motion, he stated that he "amends said amount to $74,000.00." The fact that he did not file a full amended complaint is somewhat excusable given that he clearly sought to change only this aspect of his pleading.

CONCLUSION

Green's filings in this Court make clear that he intends to limit his claim to the $74,000 figure. With this stipulation, federal jurisdiction is not present in this matter. The Court **ADOPTS** the R&R (dkt. 27), **GRANTS** the motion to remand (styled as "Objections to Jurisdiction")(dkt. 8), and **REMANDS** this action to the Circuit Court of Gilmer County, West Virginia.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record, and to the pro se plaintiff via certified mail, return receipt requested, as well as to the Clerk of the Circuit Court of Gilmer County, West Virginia.

DATED: April 5, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE